## CIRCUIT COURT FOR BALTIMORE COUNTY

Carolyn Brooks  \*
6820 Belclare RD
Baltimore, MD 21222  \*

Plaintiff,  \*

v.  \* Jury Trial Demanded

Midland Credit Management, Inc.
Midland Funding LLC  \*
CSC - Lawyers Inc. Service Company
7 St. Paul Street, Suite 1660  \*
Baltimore, MD 21202
\*

Trans Union LLC
CSC - Lawyers Inc. Service Company  \*
7 St. Paul Street, Suite 1660
Baltimore, MD 21202  \*

Experian Information Solution, Inc.  \*
The Corporation Trust Incorporated
351 West Camden Street  \*
Baltimore, MD 21201
\*

Equifax
CSC - Lawyers Inc. Service Company  \*
7 St. Paul Street, Suite 1660
Baltimore, MD 21202  \*

Defendants  \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### I. COMPLAINT

1.

Comes now, Plaintiff, Carolyn Brooks, an individual, files this complaint for damages against Defendants Midland Credit Management Inc., Trans Union LLC, Experian Information Solutions Inc. and Equifax for their deceptive, misleading, unfair, abusive collection and reporting activities in violation of the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the Maryland Consumer Debt Collection Act.

## II. JURISDICTION

1. Court jurisdiction arises under Fair Debt Collection Practices Act, Fair Credit Reporting Act and the Maryland Consumer Debt Collection Act.

2. The Defendant Midland is subject to the personal jurisdiction of this Court, is a consumer debt collector and furnisher of information to consumer reporting agencies and is active in collecting debt throughout Maryland and Baltimore County.

3. The Defendants Trans Union, Experian and Equifax all are subject to the personal jurisdiction of this Court because they all are engaged in the consumer reporting business throughout the State of Maryland and Baltimore County.

## III. VENUE

4. Venue proper in Circuit Court of Maryland for Baltimore County as follows:

5. Violations of Fair Debt Collection Practices Act (hereinafter FDCPA), Fair Credit Reporting Act (hereinafter FCRA) and the Maryland Consumer Debt Collection Act (hereinafter MCDCA) as noted below occurred in Baltimore County, MD.

2.

6. All Defendants engaged in business activities in Baltimore County, Maryland and therefore are citizens of the State of Maryland.

## IV. PARTIES

7. Plaintiff Carolyn Brooks (hereinafter "Plaintiff"), is an individual residing at 6820 Belclare Rd, Baltimore, MD 21222 in the County of Baltimore and is a consumer as the term is defined by 15 USC 1692a(3) of the FDCPA and FCRA.

8. Defendant Midland Credit Management, Inc. (hereinafter "Midland") is a public corporation operating from 8875 Aero Dr., Suite 200, San Diego, CA 92123-2251, headquartered in San Diego, CA and is a debt collector as defined by 15 USC 1692a(6) and a furnisher as defined by 15 USC 1681.

9. Defendant Trans Union LLC (hereinafter "Trans Union") is a corporation operating from 555 W. Adams Street, Chicago, IL who regularly conducts business in the State of Maryland therefore is a citizen of Maryland and is a consumer reporting agency as defined by 15 USC 1681a(f)

10. Defendant Experian Information Solution, Inc. (hereinafter "Experian") is a corporation operating from 475 Anton Blvd, Costa Mesa, CA who regularly conducts business in the State of Maryland therefore is a citizen of Maryland and is a consumer reporting agency as defined by 15 USC 1681a(f).

11. Defendant Equifax Information Services LLC (hereinafter "Equifax") is a corporation operating from 1550 Peachtree Street, NW, Atlanta, GA 30309 who regularly conducts business in the State of Maryland therefore is a citizen of Maryland and is a consumer reporting agency as defined by 15 USC 1681a(f).

## V. First Cause of Action

### Violation of FDCPA 1682g(b)

### Validation of Debts

12. Plaintiff notified Midland in writing that the debt was disputed requesting the name, address and phone number of the original creditor and demanded all collection activities cease, further demanding verification of the debt (signed credit agreement, financial agreement, purchase agreement). Midland never provided any of the required information, yet continued with its collection efforts in violation of 1682g(b).

## VI. Second Cause of Action

### Violation of FDCPA 1692e(2)

### False, deceptive, misleading, unfair, & abusive

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as fully stated herein.

14. Plaintiff is alleged to have incurred a financial obligation for personal purposes, or otherwise a revolving credit card debt with Citibank.

15. Midland is engaged in the business of purchasing charged-off consumer debt and

4.

enforcing the debt in court.

16. Midland contacted the Plaintiff by letter and phone claiming Midland Funding LLC, an affiliate of Midland, had purchased the alleged debt, demanded payment and threatened legal action.

17. Midland in collection letters falsely claimed it's right to collect the alleged debt and falsely claimed it's right to accrue interest to the alleged debt.

18. Plaintiff sent two letters to Midland demanding they show proof of ownership, copy of a signed credit card agreement and insisting they cease and desist all collection activities and suspend the false reports they were furnishing to all three of the Credit Reporting Agencies (hereinafter CRA).

19. In response Midland attempted to deceive and mislead the Plaintiff by sending a generic internally generated billing statement, stating they were adding 15 % interest in an effort to intimidate the Plaintiff. This bill wasn't supported by any documentation . All statements were false misleading unfair and abusive in violation of the FDCPA.

### VII. Third Cause of Action

### Violation of FDCPA 1692e(2)(A)

### Misrepresenting character, amount, and legal status of the debt.

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as fully stated herein.

5.

21. Midland misrepresented the legal status of the debt when it falsely claimed its affiliate Midland Funding LLC purchased the alleged debt.

22. Midland misrepresented the character of the debt by reporting the debt as a "Factoring Company Account" to harm the Plaintiff.

23. Midland misrepresented the character of the alleged debt by falsely characterizing the debt as an interest accruing account.

24. Midland misrepresented the amount by illegally adding thousands of dollars of interest without having a financial agreement with the Plaintiff.

### Pray for Relief

WHEREFORE, Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant Midland for its multiple violations of 15 USC sections 1682g(b), 1692e(2) and 1692e(2)9A) of the FDCPA.

    a. Award actual damages to be established at trial

    b. Award statutory damages as set forth in FDCPA, 15 USC 1692k;

    c. Award costs and reasonable attorney fees

    d. Award other relief the Court deems appropriate

### VIII. Fourth Cause of Action

### Violations of FCRA 15 USC 1681s-2

### Provide accurate information.

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as fully stated herein.

26. Midland negligently and willfully failed to conduct a proper investigation when the CRAs notified Midland of Plaintiff's dispute regarding the alleged debt.

27. Midland confirmed the information as accurate while knowing they could not validate any of the reported data as, either complete or accurate, violating section 1681s-2(b).

28. Midland furnished false, inaccurate and differing information to all three CRAs regarding Account MCM #: Redacted 6923, creating multiple violations of the FCRA.

29. Midland falsely reported an incorrect initial balance by claiming the right to retroactively charge interest two years before the alleged purchase.

30. Midland falsely reported increased balances by adding interest while knowing they did not have a financial agreement with the Plaintiff.

31. Midland furnished false information by reporting the alleged account as a "Factoring Company Account" to negatively harm the Plaintiff's credit.

32. When ask to provide documents supporting the information it was furnishing to the CRAs, Midland refused, instead chose to continue to furnish the false and inaccurate information over the Plaintiff's objection, further violating FCRA.

33. Midland failed to report the date of the purported account delinquency to Trans

Union and provided differing dates to the other CRAs regarding the date for removal as required by 1681s-2 (a)(5).

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Midland for its willful and negligent violations of FCRA 15 USC section 1681s-2(a), (b) and (d), etc.

    a. Award actual damages to be established at trial.

    b. Award statutory damages as set forth in FCRA, 15 USC 1681 n and 15 USC 1681o etc.; violating each.

    c. Award costs and reasonable attorney fees and

    d. Award other relief the Court deems appropriate.

### IX. Fifth Cause of Action

### Violations of FCRA 1681s-2(a)(1)(A)

### Willful and Negligent Noncompliance

34. Plaintiff re-alleges and incorporates paragraphs 1 through 33 above as fully stated herein.

35. On 7/06/2011 Plaintiff notified Trans Union that information furnished by Midland regarding account # Redacted 5923 was inaccurate, requesting an investigation and copies of all the information in the Plaintiff's credit file.

36. In addition, Plaintiff informed Trans Union that the Plaintiff had contacted Midland requesting proof of ownership and asking for a copy of the signed financial agreement and notified Transunion that Midland refused to provide either.

37. Trans Union, on 08/03/2011, notified the Plaintiff that their investigation was complete, with a generic response indicated they had verified the furnished information and stating "No Change", disregarding the fact that no proof of ownership or obligation exists.

38. Trans Union willfully and negligently violated the provisions of the FCRA on multiple occasions in the following manner:

39. By willfully and/or negligently failing to delete incomplete and obvious inaccuracies such as "company factoring account" on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. sec. 1681i(a).

40. By willfully and/or negligently failing to conduct a reasonable investigation after being notified that the furnisher Midland, had no proof of ownership of the alleged debt, no financial agreement, literally no documentation what so ever.

41. By willfully and/or negligently refused to disclose the details of the investigation as requested by the Plaintiff as required by the FCRA.

42. By willfully and/or negligently refusing to disclose the nature and substance of all information in it's file on the Plaintiff at the time of the request in violation of 15 U.S.C.

sec. 1681g(a).

43. By willfully and/or negligently failed to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information reported by Midland in violation of 15 U.S.C. sec. 1681e(a)(b)

### Pray for Relief

WHEREFORE, THE Plaintiff respectfully prays that this Court award the following damages to the Plaintiff and against Defendant, Trans Union for its violations of the above sections of the FCRARA sections 609 [15 USC 1681g (a)(1)], 611 [15 USC 1681i(a)], etc.

    a. Award actual damages to be established at trial

    b. Award statutory damages as set forth in FCRA, section 616 [15 USC 1681n and 616 15USC 1681o ; for violating each section.

    c. Award costs and reasonable attorney fees

    d. Award other relief the Court deems appropriate

### X. Sixth Cause of Action

### Violations of FCRA 1681s-2(a)(1)(A)

### Willful and Negligent Noncompliance

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as fully stated herein.

45. On 7/06/2011 Plaintiff notified Experian that information furnished by Midland regarding account # Redacted 6923 was inaccurate, requesting an investigation and copies of all the information in the Plaintiff's credit file regarding this Midland Account.

46. In addition, Plaintiff informed Experian that the Plaintiff had contacted Midland requesting they prove their ownership and asking for a copy of the signed financial agreement, and notified Experian that Midland refused to provide either.

47. Experian on 07/27/2011 notified the Plaintiff that their investigation was complete, with a generic response indicated they had "Updated" the furnished information Midland had provided them, adding additional false information!

48. Experian willfully and negligently violated the provisions of the FCRA on multiple occasions in the following manner:

49. By willfully and/or negligently failing to delete incomplete and inaccuracies on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. sec. 1681i(a).

50. By willfully and/or negligently failing to conduct a reasonable investigation after being notified that the furnisher, Midland had no proof of ownership of the alleged debt, no financial agreement, literally no documentation what so ever.

51. By willfully and/or negligently refused to disclose the details of the investigation as requested by the Plaintiff

52. By willfully and/or negligently refusing to disclose the nature and substance of all information in it's file on the Plaintiff at the time of the request in violation of 15 U.S.C. sec. 1681g(a).

53. By willfully and/or negligently failed to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information reported by Midland in violation of 15 U.S.C. sec. 1681e(a)(b)

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Experian for its violations of the FCRA sections 609 [15 USC 1681g (a)(1)], 611 [15 USC 1681i(a)], etc.

    a. Award actual damages to be established at trial

    b. Award statutory damages as set forth in FCRA, section 616 [15 USC 1681n and 616 15USC 1681o ; for violating each section.

    c. Award costs and reasonable attorney fees

    d. Award other relief the Court deems appropriate

## XI. Seventh Cause of Action

### Violations of FCRA 1681s-2(a)(1)(A)

### Willful and Negligent Noncompliance

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 above as fully stated herein.

55. On 6/24/2011 Plaintiff notified Equifax that information furnished by Midland regarding account # Redacted 6923 was inaccurate, requesting an investigation and copies of all the information in the Plaintiff's credit file to include details of the investigation.

56. In addition, Plaintiff informed Equifax that the Plaintiff had contacted Midland requesting they prove their ownership by providing a copy of the bill of sale and demanding a copy of the signed financial agreement, and notifying Equifax that Midland refused to provide either.

57. Equifax on 07/16/2011 notified the Plaintiff that their investigation was complete, with a generic response indicated they had "verified" the furnished information and made no changes.

58. Equifax willfully and negligently violated the provisions of the FCRA on multiple occasions in the following manner:

59. By willfully and/or negligently failing to delete incomplete and inaccuracies on the

Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. sec. 1681i(a).

60. By willfully and/or negligently failing to conduct a reasonable investigation after being notified that the furnisher, Midland had no proof of ownership of the alleged debt, no financial agreement, literally no documentation what so ever.

61. By willfully and/or negligently refused to disclose the details of the investigation as requested by the Plaintiff

62. By willfully and/or negligently refusing to disclose the nature and substance of all information in it's file on the Plaintiff at the time of the request in violation of 15 U.S.C. sec. 1681g(a).

63. By willfully and/or negligently failed to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information reported by Midland in violation of 15 U.S.C. sec. 1681e(a)(b)

**Pray for Relief**

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Experian for its violations of the FCRA sections 609 [15 USC 1681g (a)(1)], 611 [15 USC 1681i(a)], etc.

    a. Award actual damages to be established at trial

    b. Award statutory damages as set forth in FCRA, section 616 [15 USC 1681n and

616 15USC 1681o ; for violating each section.

   c. Award costs and reasonable attorney fees

   d. Award other relief the Court deems appropriate

## XII. Eighth Cause of Action

### Violations of M C D C A

64. Plaintiff re-alleges and incorporates paragraphs 1 through 63 above as fully stated herein.

65. Defendant Midland violated 14-202(5) when it left debt collection messages on an answering machine accessible to friends, family and business associates, negatively effecting the Plaintiff's reputation and continued these collection calls after receiving a cease and desist letter.

66. Defendant Midland claimed and attempted to enforce a right with knowledge that the right did not exist when it threatened to sue the Plaintiff for a debt she did not owe, violating 14-202(8)

67. Midland claimed it had the right to accrue interest to the alleged debt with knowledge it did not have a financial agreement with the Plaintiff, violating 14-202(8).

68. Midland claimed it had the right to charge 15% interest while knowing it had fabricated the rate and the claimed amount.

15.

66. The Defendant Midland cause great mental anguish and emotional distress by all of the acts listed above.

### Pray for Relief

Plaintiff respectfully prays that his Court award the following damages to the Plaintiff and against Defendant, Midland Credit Management for its violations of the MCDCA section 14-202(5) and 14-202(8) :

1. Award proximate damages to be established at trial pursuant to MCDCA 14-203

2. Award statutory damages of $50,000.00 for emotional distress and mental anguish as set forth in MCDCA 14-203.

3. Award costs, expenses and reasonable attorney fees

4. Award any other relief the Court deems appropriate

### Jury Trial

The Plaintiff demands a trial by jury on all issues.

Dated 5/10/2012

Respectfully submitted,

*Carolyn Brooks*
Carolyn Brooks
6820 Belclare Road
Baltimore, MD 21222
410-284-7175

16.

*** 221895994-029 ***
PO Box 2000
Chester, PA 19022

08/03/2011        TransUnion.



P1MF0800202227-1011255-064684360

CAROLYN D. BROOKS
6820 BELCLARE RD
DUNDALK, MD 21222

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| MIDLAND CREDIT MGMT INC | # Redacted | VERIFIED, NO CHANGE |
| PORTFOLIO RECOVERY | # Redacted | DELETED |

**Experian**

Prepared for: CAROLYN DIANNE BROOKS
Date:
Report number:

# Dispute results

## About our dispute process

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record.

The federal Fair Credit Reporting Act provides that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have requested your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

## How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item was not changed as a result of our processing of your dispute

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you

**Processed** - This item was either updated or deleted; review this report to learn its outcome

## Results

We completed investigating any items you disputed with the sources of the information and processed any other requests you made. Here are the results:

| Credit Items | Outcome |
| --- | --- |
| PORTFOLIO RECVRY&AFFIL Redacted | Deleted |
| MIDLAND CREDIT MGMT Redacted | Updated |

Visit experian.com/status to check the status of your pending disputes at any time

**What's your credit score?** Find out by ordering your VantageScore® from Experian for only $7.95. To order, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental or behavioral health or condition). Although we do generally collect such information, it could appear the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

0065647654

**EQUIFAX**

P. O. Box 105518
Atlanta, GA 30348

001004150-453
Carolyn Dianne Brooks
6820 Beldare Rd
Dundalk, MD 21222-5901

CREDIT FILE : July 16, 2011
Confirmation # 1196023308

Dear Carolyn Dianne Brooks:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as applicable, as a result of the reinvestigation. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 661-5344 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

>>> We have reviewed your concerns and our conclusions are:

Once an acct has been opened, the acct may appear on the credit file for 7 or 10 years from the date of last activity.

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by "*".)
(This section includes open and closed accounts reported by credit grantors).

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

>>> We have researched the credit account. Account # - Redacted. The results are: Equifax verified that this item belongs to you. If you have additional questions about this item please contact: *Midland Credit Management, 8875 Aero Dr Ste 200, San Diego CA 92123-2255*

| Midland Credit Management | 8875 Aero Dr Ste 200, San Diego CA 92123-2255 | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | | Terms Duration | Terms Frequency | | | Months Revd | | Creditor Classification | | | |
| Redacted | 02/2009 | $8,379 | $0 | | | | | | 26 | | | | | |
| Items As of Date Reported | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | | | Date of Last Activity | Date of 1st Delinquency | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 07/2011 | $8,828 | | $0 | $0 | | | | 01/2007 | 04/2009 | $0 | | $0 | | |

Balance Amount: $8,828

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;