IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CAROLYN BROOKS,                    *

    Plaintiff,                     *

        v.                        *        CIVIL NO.: WDQ-12-1926

MIDLAND CREDIT MANAGEMENT, INC.,   *
  et al.,                          *

    Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Carolyn Brooks, *pro se*, sued Midland Credit Management,

Inc., Midland Funding, LLC (collectively, "Midland"), and others[1]

(collectively, the "defendants") for debt collection and credit

reporting violations. Pending are Midland's motion to dismiss

and Experian's motion to dismiss or, alternatively, for summary

judgment. Also pending are the defendants' motion for a

settlement conference and to strike. For the following reasons

Midland's motion to dismiss will be granted in part and denied

in part. Experian's motion will be denied. The motions for a

settlement conference and to strike will be denied.

---

[1] They are Trans Union, LLC, Experian Information Solutions, Inc.
and Equifax Information Services LLC. The Clerk of the Court
will be directed to correct the docket to reflect Midland
Funding's status as a defendant and the proper names of Experian
and Equifax.

I.    Background[2]

This case arises out of Midland Credit Management's attempt
to collect Brooks's debt that Midland says it purchased from
Citibank.  *See generally* ECF No. 2.  Citibank's records indicate
that Brooks's account, ending in 5209, was sold to Midland
Funding on February 20, 2009, with $6,378.98 due.  ECF No. 37-1.

On December 13, 2009, Midland Credit Management mailed
Brooks a letter stating that she owed $8,609.84 from an account
purchased from Citibank ending in 5209; the previous balance was
$6,378.98 and $2,230.86 interest had accrued.  ECF Nos. 26-2,
37-2.  On an unspecified date, Midland "left debt collection
messages on an answering machine accessible to friend, family
and business associates" of Brooks.  ECF No. 2 ¶ 65.

On an unknown date,[3] Brooks sent Midland Credit Management a
letter stating that she was unable to pay her debts because her
sole source of income was Social Security benefits, and her

---

[2] For the motion to dismiss, for failure to state a claim, the
well-pled allegations in the complaint are accepted as true.
*See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).
In reviewing the motion to dismiss, the Court may consider
allegations in the complaint, matters of public record, and
documents attached to the motion to dismiss that are integral to
the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l
Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
    For the motion for summary judgment, the nonmovant's
evidence "is to be believed, and all justifiable inferences are
to be drawn in [her] favor."  *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 255 (1986).

[3] The letter bears a stamp that it was received by "Consumer
Relations" on December 31, 2009.

assets are worth less than $6,000.   ECF No. 26-1 at 3.   The
letter also requested that Midland stop communicating with her
"per applicable debt collection laws" and to contact her solely
in writing.   *Id.*   On December 28, 2009, Brooks sent to Midland
Credit a letter requesting validation of her claim.   ECF No. 26-1; *see* ECF No. 2 ¶ 12.

In addition to its contact with Brooks, Midland furnished
information about the debt to three consumer reporting agencies
("CRA"), Trans Union, Experian, and Equifax.   ECF No. 2 ¶ 28.
On June 24, 2011, Brooks notified Equifax that its information
about her account with Midland was inaccurate and requested an
investigation.   *Id.* ¶ 55.   Similarly, on July 6, 2011, Brooks
notified Trans Union and Experian that their information about
her account with Midland was inaccurate and requested
investigations.   *Id.* ¶¶ 35, 45.   On July 16, 2011, Equifax
notified Brooks that it had completed investigation and
"verified" the Midland debt.   *Id.* ¶ 57; *see id.* at 19.   On July
27, 2011, Experian told Brooks that its investigation was
complete and "Updated" its report.   *Id.* ¶ 47; *see id.* at 18.   On
August 3, 2011, Trans Union notified Brooks that its
investigation was complete and noted "No Change" to the report.
*Id.* ¶ 37; *see id.* at 17.

Brooks also obtained a full report on her Midland account
from Experian dated July 27, 2011.   ECF No. 36-8.   This report

states that Citibank was the original creditor and the original amount as $6,379; it says that Brooks owed $8,224 in July 2009, $8,298[4] in August 2009, and $8,628 in September 2009 and after. *Id.*

On May 10, 2012, Brooks filed suit in the Circuit Court for Baltimore County, Maryland, seeking damages for violations of the Fair Debt Collection Practices Act,[5] the Fair Credit Reporting Act,[6] and the Maryland Consumer Debt Collection Practices Act.[7]

Specifically, Brooks alleged that (1) Midland continued collection efforts after failing to validate her debt in violation of 15 U.S.C. § 1682g(b); (2) Midland falsely claimed ownership of the debt and incorrectly added 15% interest in violation of 15 U.S.C. § 1692e(2); (3) Midland misrepresented her debt to the CRAs in violation of 15 U.S.C. §§ 1682g(b) and 1692e(2)(a); (4) Midland furnished false information to the CRAs about her account in violation of 15 U.S.C. § 1681s-2(a)-(b), (d); (5) Trans Union failed to make a proper investigation after being informed that Brooks disputed her debt to Midland and to

---

[4] The copy of this document is not clear.  It may state the amount as $8,288.

[5] 15 U.S.C. §§ 1692 *et seq.*

[6] 15 U.S.C. §§ 1681 *et seq.*

[7] Md. Code Ann., Com. Law §§ 14-201 *et seq.*

disclose information in its file in violation of 15 U.S.C. §§ 1681e(a), 1681g(a), and 1681i(a); (6) Experian failed to make a proper investigation after being informed that Brooks disputed her debt to Midland and to disclose information in its file in violation of 15 U.S.C. §§ 1681e(a), 1681g(a), and 1681i(a); (7) Equifax failed to make a proper investigation after being informed that Brooks disputed her debt to Midland and to disclose information in its file in violation of 15 U.S.C. §§ 1681e(a), 1681g(a), and 1681i(a); and (8) Midland left debt collection messages on her answering machine and falsely claimed a right to enforce the debt and charge 15% interest in violation of Md. Code Ann., Com. Law § 14-202(5), (8).   ECF No. 2.

On June 27, 2012, Trans Union, with the consent of the other defendants, removed to this Court.   ECF Nos. 1, 5.   On July 2, 2012, Trans Union answered, ECF No. 8, and on August 20, 2012, Equifax answered, ECF No. 31.

On August 3, 2012, Midland moved to dismiss.   ECF No. 26. On August 20, 2012 Brooks opposed the motion,[8] ECF No. 30, and on September 5, 2012, Midland replied, ECF No. 35.

On August 17, 2012, Experian moved to dismiss or, in the alternative, for summary judgment.   ECF No. 29.   On September 6,

---

[8] To the extent that Brooks's oppositions are "Motions to Deny" the defendants' motions, they will be denied.

5

2012, Brooks opposed the motion, ECF No. 36, and on September 24, 2012, Experian replied, ECF No. 37.

On October 24, 2012, the defendants jointly sought an early settlement conference.  ECF No. 38.  On November 8, 2012, Brooks opposed the motion, ECF No. 39, and on November 21, 2012, the defendants replied, ECF No. 40.

On December 3, 2012, Brooks filed a surreply to the settlement conference motion and requesting discovery.  ECF No. 41.  On December 19, 2012, the defendants moved to strike Brooks's filing.  ECF No. 42.  On January 7, 2013, Brooks opposed that motion.  ECF No. 43.

II. Analysis

    A.   Legal Standards

       1.   Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's

6

notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.   *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).   These facts must be sufficient to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557).   The complaint must not only allege but also "show" that the plaintiff is entitled to relief.   *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."   *Id.* (internal quotation marks and alteration omitted). An affirmative defense, such as the statute of limitations, may be raised in a motion to dismiss if clear from the face of the complaint.   *See Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996).

2.   Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed]   . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[9]  In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [her] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted).

---

[9] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment."  Fed. R. Civ. P. 56 advisory committee's note.

B.   Midland's Motion to Dismiss

Midland[10] seeks dismissal of all claims against it.

    1.   FDCPA

Midland seeks dismissal of the claims against it as time
barred.   ECF No. 27 at 7-9.   Brooks asserts that her suit was
timely filed, and she is entitled to equitable tolling.   ECF No.
30-1 at 3-4.

Brooks asserts three violations of the FDCPA: (1) Midland
continued collection efforts after failing to validate
information, (2) it attempted to deceive Brooks with a
misleading billing statement, and (3) it falsely claimed to the
CRAs that Midland Funding had purchased the debt.   ECF No. 2 ¶¶
12-24.   The limitations period under the FDCPA is one year from
the alleged violation.   15 U.S.C. § 1692k(d).

    a.   Count I

Midland asserts that Count I is time-barred because it
accrued on December 28, 2009, when Brooks mailed the letter
requesting validation.   ECF No. 27 at 7.   Midland misconstrues
Brooks's claim.   Brooks does not claim a violation of the FDCPA
because Midland failed to timely provide her verification of the
debt; rather, she alleges that Midland's continued debt

---

[10] Midland Credit Management and Midland Funding jointly moved
for dismissal and presented their argument as a unit.   *See* ECF
Nos. 27, 35.   Accordingly, the Court will treat them as a unit
for the purposes of the motion.

collection activities after her request but before providing validation--which it allegedly never did--violated 15 U.S.C. § 1692g(b).   Section 1692g(b) prohibits collection activities until a validation is provided.

Brooks asserts that reporting a debt to a CRA is a collection activity.   ECF No. 30-1 at 4-5.   In support, Brooks relies on a December 23, 1997, letter from Federal Trade Commission ("FTC") Attorney John F. LeFevre to Robert G. Cass stating that reporting a debt to a CRA constitutes a collection activity under § 1692g(b).   ECF No. 30-3.[11]   Midland disputes the applicability of this letter arguing that the passage of time and subsequent cases "bears upon the opinions set forth in the letter."[12]   ECF No. 35 at 5.

Midland is correct about subsequent cases interpreting the FDCPA after the letter but they do not aid its position. Several cases have relied upon the FTC letter as persuasive authority that reporting a debt to a CRA is a collection activity.[13]   Although the opinion letter is not entitled to

---

[11] The letter is also available at 1997 WL 33791232.

[12] Midland does not, however, cite any such cases.

[13] *See, e.g., Purnell v. Arrow Fin. Servs. LLC*, 303 F. App'x 297, n.5 (6th Cir. 2008); *Mascona v. Cal. Bus. Bureau*, No. 10-CV-1468 BEN (CAB), 2011 WL 5085522, at *3-4 (S.D. Cal. Oct. 25, 2011); *Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011); *Quale v.*

10

Chevron[14] deference, it is "entitled to respect" to the extent it

has the "power to persuade."[15]   This Court joins those finding

the FTC's letter persuasive.   Accordingly, collection activity,

including reports to the CRAs, after May 10, 2011 is not time

barred.

    Brooks asserts that the continuing violation doctrine

preserves her claim for prior dates.   *See* ECF No. 30-1 at 3.

However, the cases she cites arise in the employment

discrimination context.[16]   Brooks has not provided, nor has the

Court found, any authority that continuing to report her debt is

a continuing violation.[17]   To the contrary, the Sixth Circuit has

---

*Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1278-79 (S.D. Ala.
2010).

[14] *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467
U.S. 837 (1984).   Under *Chevron* deference, a Court will uphold
an agency's interpretation of an ambiguous statute if "the
agency's answer is based on a permissible construction of the
statute."   *Leiba v. Holder*, 699 F.3d 346, 348 (4th Cir. 2012)
(*quoting Chevron*, 467 U.S. 843).

[15] *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (*quoting
Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see Edeh*,
748 F. Supp. 2d at 1035.

[16] *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir.
2004); *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 812 (2001);
*Dominguez v. Wash. Mut. Bank*, 168 Cal. Rptr. 3d 705, 721 (Cal.
Ct. App. 2008).

[17] *Cf. Fontell v. Hassett*, 870 F. Supp. 2d 395, 404 (D. Md. 2012)
(holding that a lien is not a continuing violation but that
period accrued on date lien was placed); *see also id.* ("[I]n
determining when the limitations period begins, the majority of
courts look to the date at which the defendant engaged in the

held that each report in violation of § 1692g(b) is a discrete act on which the claim accrues.  *Purnell*, 303 F. App'x at 304.[18] The nature of the violation is that continued reporting is a discrete act, not a continuing violation.

Brooks also asserts that she is entitled to equitable tolling.  ECF No. 30-1 at 3.   "[E]quitable tolling is available only in those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotation marks omitted).  "Equitable tolling is not appropriate, however, whe[n] the claimant failed to exercise due diligence in preserving [her] legal rights."  *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (internal quotation marks omitted).

Brooks seeks equitable tolling because she "attempt[ed] to explore all avenues prior to initiating a suit," and Midland's actions "led [her] to believe that matter had been resolved."

---

allegedly abusive action . . . rather than any subsequent date at which the plaintiff may have felt the harm."); *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-CV-480-D, 2010 WL 3200015, at *3 (E.D.N.C. Aug. 12, 2010) ("The course of debt-collection litigation, without more, is not a 'continuing violation' of the FDCPA.").

[18] *See also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (holding that hostile workplace claims are subject to the continuing violation doctrine because the actions are ongoing, unlike other, discrete, types of discrimination).

ECF No. 30-1 at 3-4.  It is not clear what Midland actions convinced Brooks that her claims were resolved.

Brooks appears to have understood her legal rights under the FDCPA, as she explicitly invoked the statute in her December 28, 2009 letter.  *See* ECF No. 26-1 at 1.  There is no evidence of any wrongdoing by Midland regarding the statute of limitations, and Brooks has not shown that she was diligent in preserving her legal rights.  Accordingly, she is not entitled to equitable tolling.  *See Chao*, 291 F.3d at 283.

As neither the continuing violation doctrine nor equitable tolling applies, Brooks may maintain a cause of action only for reports to the CRAs within one year of her filing the complaint.  Although not particularly clear, it appears that Brooks alleges that Midland furnished information about Brooks's account after July 2011.  *See* ECF No. 2 ¶¶ 32, 45.  Accordingly, Count I will not be dismissed.

b.    Count II

Midland also asserts that Count II is time barred.  ECF No. 27 at 7-8.  Count II alleges that Midland attempted to mislead Brooks by sending her a billing statement that included 15% interest.  ECF No. 2 ¶ 19.

The billing statement is dated December 13, 2009.  ECF No. 26-2.  Accordingly, the statute of limitations ran on December

13, 2010, before Brooks filed this suit.   *See* 15 U.S.C. §
1692(d).

Although Brooks seeks equitable tolling and asserts the
continuing violation doctrine, there is no basis for applying
them to this claim, particularly as Brooks concedes that there
were no further letters.   *See* ECF No. 30-1 at 1.   Accordingly,
Count II will be dismissed as time-barred.

c.   Count III

Midland asserts that Count III is time-barred on the same
grounds.   ECF No. 27 at 8.   Count III alleges that Midland
misrepresented the character of Brooks's debt to the CRAs.   ECF
No. 2 ¶¶ 23-24.

False reports to a CRA qualify as false representations
under the FDCPA.   *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336
F. Supp. 2d 492, 503 (D. Md. 2004).   As with Count I, it appears
that there were violations within the limitations period.   *See*
*supra* Part II.B.1.a.   Accordingly, Count III will not be
dismissed.

2.   FCRA

Midland asserts that the FCRA claim against it should be
dismissed because Brooks has not stated a claim, and it is time-
barred.   ECF No. 27

14

a.   Standing to Sue

Midland asserts that Brooks is unable to bring suit because Congress reserved enforcement of the relevant provisions to Congress.   ECF No. 27 at 9.   Brooks alleges violations of 15 U.S.C. § 1681s-2(a), (b), and (d).   ECF No. 2 ¶ 33.

Subsection (d) does not limit debt collector behavior; instead, it limits enforcement to federal and state officials. *See* 15 U.S.C. § 1681s-2(d).   Subsection (c)(1) prohibits private actions to enforce § 1681s-2(a).   *Id.* § 1681s-2(c)(1). Accordingly, Brooks may not bring suit under § 1681s-2(a) or (d).

b.   Investigation under Section 1681s-2(b)

Midland asserts that Count IV fails to state a claim under § 1681s-2(b) and is time barred.   ECF No. 27 at 10.

When notified of a dispute about information furnished to a CRA, § 1681s-2(b) obligates a person to conduct an investigation and report the results to the CRA.   15 U.S.C. § 1681s-2(b)(1). The Fourth Circuit has held that investigation must be a reasonable one "to determine whether the disputed information can be verified."   *Johnson v. MBNA Am. Bank, N.A*, 357 F.3d 426, 430-31 (4th Cir. 2004).

Brooks alleges that she informed the CRAs in June and July 2011.   *See* ECF No. 2 ¶¶ 35, 45, 55.   Brooks alleges that Midland furnished false information to the CRAs when they requested

15

additional information from Brooks's dispute. *See id.* ¶ 32.
Accordingly, the allegedly unreasonable investigation occurred
in 2011, less than two years before Brooks filed suit. The
claim is not time barred. *See* 15 U.S.C. § 1691p.

Midland next alleges that Brooks has failed to plausibly
allege a violation of § 1681s-2(b). ECF No. 27 at 10-11.
Brooks alleges that Midland furnished information it knew to be
false to the CRAs, when it knew that its balances were incorrect
because Brooks had previously told them of the inaccuracy. ECF
No. 2 ¶¶ 29-32. This alleges a plausibly unreasonable
investigation. *See Johnson*, 357 F.3d at 431. Count IV will not
be dismissed.

     3.   MCDCA

Midland asserts that the MCDCA count should be dismissed
because Brooks has not alleged facts sufficient to support her
claim.[19] Brooks asserts that she has alleged sufficient facts.
ECF No. 30-1 at 8.[20]

---

[19] Midland also asserts that Brooks is not entitled to the
$50,000 in statutory damages that she claims. ECF No. 27 at 13.
Brooks concedes that there is no statutory entitlement to that
amount. ECF No. 30-1 at 8.

[20] Brooks also contends that Midland has failed to "reinforce
it[s] allegation with documents." ECF No. 30-1 at 8. Midland
has not sought summary judgment; for its motion to dismiss, only
the allegations in the complaint are analyzed. *See Brockington*,
637 F.3d at 505.

The MCDCA prohibits various tactics in debt collection. *See* Md. Code Ann., Com. Law § 14-202.  Brooks alleges violations of subsections (5) and (8).  ECF No. 2 ¶¶ 65-67.  Subsection 5 prohibits "disclos[ing] or threaten[ing] to disclose to a person other than the debtor . . . information which affects the debtor's reputation, whether or not for credit worthiness," knowing that the recipient "does not have a legitimate business need for the information."  Md. Code Ann., Com. Law § 14-202(5). Subsection 8 prohibits "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist.  *Id.* § 14-202(8).

For the subsection 5 violation, Brooks alleges that Midland "left debt collection messages on an answering machine accessible to friends, family and business associates."  ECF No. 2 ¶ 65.  This allegation fails to plausibly allege disclosure to a third person with Midland's knowledge that the person had no legitimate business need for the information.  *Cf.* Md. Code Ann., Com. Law § 14-202(5).  There is no allegation that anyone other than Brooks received this message, and there is no allegation that Midland threatened to disclose to anyone.  This part of the claim will be dismissed.

Next, Brooks alleges that Midland violated subsection 8 by claiming to enforce its debt, when it knew that she did not owe it, and it had the right to charge 15% interest when it knew

17

that it did not have a financial agreement with her.   ECF No. 2
¶¶ 66-68.

Under the Federal Rules, knowledge may be alleged
generally.   Fed. R. Civ. P. 9(b).   Brooks clearly disputes the
terms and existence of an agreement with Midland, implying that
Midland was seeking to enforce an agreement that it did not
have.   *See* ECF Nos. 2 ¶¶ 30, 66; 26-1 at 1.   Brooks has
plausibly alleged that Midland knew that its representations
were false because it knew that it did not have any right or
agreement to collect from Brooks.   Accordingly, only the
subsection 5 claim of Count VIII will be dismissed.   Midland's
motion will be granted in part and denied in part.

C.   Experian's Motion

Experian seeks dismissal and summary judgment because
Brooks has failed to identify the inaccurate information that
Experian has reported.   *See* ECF No. 29-1 at 6.   Brooks asserts
that the inaccurate information is Midland's ownership of the
debt and its terms.   *See* ECF No. 36-1 at 4.

Brooks alleges that Experian violated 15 U.S.C. §§
1681e(a)-(b) and 1681i(a) by failing to investigate properly her
complaint about Midland's ownership of the debt and §
1681g(a)(1) by failing to disclose all information in her file
at the time of her request.

18

Experian asserts that the § 1681g(a)(1) claim should be dismissed because Brooks has failed to allege when the request was made and what Experian failed to disclose to her.  ECF No. 29-1 at 6 n.7.  Brooks alleged that she requested all information in her file concerning the Midland account on July 6, 2011.  ECF No. 2 ¶ 52; see also ECF No. 36-5 (letter).  She also alleged that Experian failed to disclose the details of the investigation that were in her file.  ECF No. 2 ¶¶ 51-52.  Accordingly, Brooks has stated a claim under § 1681g(a)(1).

Experian seeks dismissal or summary judgment on the §§ 1681e(a)-(b) and 1681i(a) claims because Brooks has failed to allege and show that the information reported by Experian is inaccurate.  ECF No. 29-1 at 6-7.  Inaccurate information is an element of a claim under §§ 1681e(a) and 1681i(a).  See DeAndrade v. Trans Union LLC, 523 F.3d 61, 66-67 (1st Cir. 2007).  Brooks has plausibly stated a claim because she alleges that the reported debt is inaccurate as to ownership and amount. See ECF No. 2 ¶¶ 19, 46-50.

For summary judgment, Experian has submitted evidence that Citibank's records indicate that it sold Brooks's debt to Midland, and Midland's bill to Brooks had the same original account number and same original balance.[21]  See ECF Nos. 37-1,

---

[21] The evidence originally submitted by Experian had completely redacted account numbers, but in response to Brooks's protest,

19

37-2.  However, there remains a genuine dispute of material fact about the accuracy of Experian's reporting.  Midland's bill states $8,609.84 due as of January 12, 2010.  ECF No. 37-2. However, Brooks has submitted Experian's report which indicates that in August 2009 $8,298 was due, while in September 2009 and later, $8,626 was due.  ECF No. 36-8.  Accordingly, a genuine dispute of material fact exists about whether Experian's report contained accurate information.[22]  Accordingly, Experian's motion for summary judgment must be denied.

D.   Brooks's Surreply

Although not captioned as such, Brooks has filed a surreply to the defendants' motion for a settlement conference.  ECF No. 41.  The defendants ask that this document be stricken.  ECF No. 42.

Unless otherwise ordered by the Court, a party may not file a surreply.  Local Rule 105.2(a) (D. Md. 2012).  Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented in the opposing party's

---

it submitted less redacted versions with its reply.  *See* ECF Nos. 37-1, 37-2.  Given the nature of the dispute, it would be helpful to the Court to have copies of documents with redacted account numbers also filed under seal without redaction.  *See* Fed. R. Civ. P. 5.2(f).

[22] The amount discrepancy is material because Brooks disputes the imposition of the interest.  *See* ECF No. 2 ¶¶ 19, 30.

reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

The defendants have not provided authority for striking Brooks's surreply. *Cf.* ECF No. 42. Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings such as Brooks's surreply brief,[23] the weight of recent authority is that such an action is not contemplated or permitted by the Rules.[24]

The Court does have inherent authority to strike other documents.[25] "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The defendants have offered no reason to use such authority here. *Cf.* ECF No. 43.

---

[23] *See, e.g.*, *McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) (collecting cases).

[24] *See, e.g.*, *In re Minh Vu Hoang*, Civ. No. DKC-11-2320, 2012 WL 5995621, at *5 (D. Md. Nov. 29, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010); 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1380 & nn.4-6 (3d ed.).

[25] *See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2007); *Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-cv-01265, 2011 WL 1584764, at *3 (S.D.W.V. Apr. 26, 2011); *Jennings v. Univ. of N.C. at Chapel Hill*, 340 F. Supp. 2d 666, 672 (M.D.N.C. 2004).

Accordingly, the Court will not strike the surreply from the record.  However, it will not be considered for the purpose of deciding the motion for a settlement conference.

Additionally, Brooks appears to seek certain discovery in her surreply.  *See* ECF No. 41.  No scheduling order has been entered in this case and discovery has not begun.  *See* Local Rule 104.4.  Accordingly, Brooks is not entitled to discovery now.[26]

E.    Motion For a Settlement Conference

The defendants jointly seek an informal settlement conference.  ECF No. 38.  Brooks asserts that before discovery, a conference would be fruitless.  ECF No. 39-1 at 2.

The Court may order attorneys and *pro se* parties to attend a pretrial conference to facilitate settlement.  Fed. R. Civ. P. 16(a)(5).  Ordering such a conference is within the Court's discretion.  *See Smart v. Int'l Bhd. of Elec. Workers, Local 702*, 453 F. App'x 650, 655 (7th Cir. 2011).

It does not appear that a settlement conference would be productive now.  Brooks seeks discovery before a settlement conference.  *See* ECF No. 39-1.  The accompanying Order will dispose of the pending motions to dismiss, allowing the

---

[26] The Court directs Brooks to Local Rule 104.8 concerning procedures for motions to compel.

22

litigation to proceed.   Accordingly, the motion for a settlement conference will be denied.[27]

III. Conclusion

For the reasons stated above, Midland's motion to dismiss will be granted in part and denied in part.   Experian's motion to dismiss or for summary judgment will be denied.   The defendants' motions to strike and for a settlement conference will be denied.

_____3/13/13_____                          _____
Date                                              William D. Quarles, Jr.
                                                  United States District Judge

_____

[27] The Court encourages Brooks to be open to the possibility of settlement, and she and the defendants may later seek a settlement conference to be conducted by a United States Magistrate Judge.